

**FILED**
**May 10, 2022**
**09:13 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Charles Lawson | ) Docket No. 2021-01-0213 |
| | ) |
| v. | ) State File No. 56752-2020 |
| | ) |
| Amazon.com Services, LLC, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Thomas L. Wyatt, Judge | ) |

---

### Affirmed and Remanded

---

The employee alleged he injured his back while lifting a case of merchandise from a pallet to a tote bag. The authorized physician opined that the employee's injury was not due to a work incident, and the employer refused to authorize further medical care. The employee sought treatment with an unauthorized provider, who opined that the employee's injuries arose primarily out of his employment and that the employment contributed more than fifty percent in causing his injuries and need for medical treatment. Following an expedited hearing, the trial court concluded that, based on its assessment of the competing medical opinions and the employee's lay testimony, the opinion of the unauthorized physician was sufficient to rebut the presumption of correctness afforded to the authorized physician's causation opinion. As such, the trial court found that the employee is likely to prevail at trial in proving the aggravation of his preexisting back condition arose primarily out of and in the course and scope of his employment. The court designated the employee's selected physician as the authorized physician for ongoing care and awarded temporary disability benefits. Upon careful review of the record on appeal, we affirm the trial court's order and remand the case for further proceedings.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner joined.

W. Troy Hart, Knoxville, Tennessee, for the employer-appellant, Amazon.com, LLC

Brent Burks, Chattanooga, Tennessee, for the employee-appellee, Charles Lawson

**Factual and Procedural Background**

This is the second interlocutory appeal in this case. A recitation of the full history of the litigation is not necessary to address the present appeal, but, for context, we have set out portions of the factual and procedural background from our earlier decision:

Charles Lawson ("Employee") worked for Amazon.com Services, LLC ("Employer"), as a fulfillment associate at one of its distribution centers in Hamilton County. On August 31, 2020, Employee reported experiencing low back pain radiating down his left lower extremity while lifting heavy totes at work. He was initially seen at Employer's onsite clinic, then selected Dr. Robert Sass, an osteopathic doctor with Nova Medical Centers, from Employer's panel of physicians. During his initial visit with Dr. Sass, which occurred on the date of the accident, Employee reported having experienced prior low back problems. According to Dr. Sass's August 31 report, Employee described a "history of back problems including a pinched nerve and has sciatic pain intermittently." Employee also reportedly told Dr. Sass of having "back pain once a month," which he treated with pain medications. According to Dr. Sass's report, there was "[n]o specific incident . . . no slip, trip[,] fall or faulty equipment."[1] As a result of Dr. Sass's examination, he concluded "within a reasonable degree of medical certainty" that Employee "is experiencing a flare of back pain" due to a "chronic back issue" and that "no work injury has occurred." Thereafter, Employer denied Employee's claim.

After leaving Dr. Sass's office, Employee went to a local emergency room, where he reported "low back pain and burning into his left leg and foot." He also reported a "history of spinal stenosis and a disc problem." With respect to his pre-existing condition, Employee "describe[d] having [a] problem years ago [but] never had to have surgery and has not been having pain since that time." He reported the work incident as having occurred when he "lifted some Gatorade and felt pain in his low back and down his left leg." A CT of the lumbar spine revealed "spinal stenosis from L3-S1." Employee was diagnosed with a lumbar strain, spinal stenosis, left sided sciatica, and degenerative arthritis. A consultation was sought from Dr. Garrick Cason of Comprehensive Spine Institute, who recommended Employee take steroidal medication and undergo physical therapy.

---

[1] We note, however, that earlier in the same paragraph of his August 31 report, Dr. Sass noted Employee had described an incident on 8/31/2020 at 7:40 a.m. "while moving an item" in which Employee "developed low back pain and left leg pain."

Thereafter, Employee sought treatment on his own from Dr. Cason, who he first saw on October 1, 2020. Employee reported that he "was injured at work on 8/31/2020 picking up an item" and described "immediately [feeling] pain in his lower back and down either side of his [left lower extremity]." Dr. Cason noted that the "[c]ausative event at the time of symptom onset [was] reported as picking up [an] item at work." Under "past medical history," Dr. Cason indicated Employee had reported a history of osteoarthritis, but there was nothing in his report indicating Employee had described prior low back injuries or any significant treatment to the lumbar spine.

Diagnostic scans ordered by Dr. Cason were interpreted as revealing "retrolisthesis" at L4 through S1 and "neuroforaminal stenosis" at L4-S1. Dr. Cason described these findings as "mild degenerative disc arthritis at L5-S1" and "facet joint degenerative arthritis at L4-L5, moderate left and mild right." Dr. Cason diagnosed degenerative changes in the lumbar spine, as well as "[l]umbar [r]adiculopathy on the left." He opined that "[b]ased on the patient's history and clinical evaluation, the current problem is consistent with the accident described by the patient." Dr. Cason also signed a form on October 1 indicating that Employee "is temporarily and totally disabled from any gainful employment at the present time." Later, Dr. Cason signed an affidavit in which he stated, "within a reasonable degree of medical certainty, and considering all causes, that Mr. Lawson's lumbar injuries and the aggravation of his pre-existing lumbar spine conditions, which he suffered while lifting and moving a large . . . box on August 31, 2020, arose primarily out of and in the course and scope of his employment."

Employee filed a request for hearing and attached medical records, Employee's affidavit, and the affidavit from Dr. Cason. Prior to the hearing, Employer filed a motion in limine seeking to exclude from evidence Dr. Cason's records and affidavit. In support of its motion, Employer asserted Dr. Cason's medical opinions were "fundamentally untrustworthy" because Employee had failed to explain to Dr. Cason the extent and nature of his prior injuries and pre-existing condition, as well as his chronic, intermittent low back symptoms and his use of medications to treat those symptoms.

In its order denying Employer's motion, the trial court noted that rules governing the Court of Workers' Compensation Claims provide that medical records and "letters or written statements addressing medical causation signed by a physician" are admissible at an expedited hearing. *See* Tenn. Comp. R. & Regs. 0800-02-21-.15(2) and -.16(2)(b). The trial court then determined that the objections raised by Employer go to the weight but not the admissibility of the evidence in question.

3

Employer appealed, and we affirmed the trial court's order on December 27, 2021, agreeing with the trial court that Dr. Cason's records and affidavit were admissible at the expedited hearing, and remanded the case. Following our remand, Employee sought medical and temporary disability benefits for his back injury, and the trial court held an expedited hearing on February 15, 2022. In support of its denial of additional benefits, Employer relied on the opinion of Dr. Sass, the authorized treating physician, who opined Employee's condition was not work-related. Employee relied on a competing causation opinion from Dr. Cason. After the hearing, the trial court concluded Employee was likely to prevail at trial in proving the aggravation of his preexisting back condition arose primarily out of and in the course and scope of his employment. Specifically, the court noted that Dr. Sass had only seen Employee on one occasion and that his opinion was inconsistent, in part, because it was "based on factors contrary to and outside the statutory definition of an injury by accident." Conversely, the court observed that Dr. Cason followed Employee over several months and formed his opinion with the benefit of objective studies and "knowledge of [Employee's] condition after receiving spinal injections and therapy." After considering these factors along with Employee's testimony, which it found credible, the trial court concluded that Dr. Cason's causation opinion offered the more probable explanation and was sufficient to overcome the presumption of correctness afforded to Dr. Sass's causation opinion as the authorized treating provider. The trial court ordered Employer to provide additional medical benefits, designated Dr. Cason as the treating physician for ongoing care, and awarded past due temporary disability benefits. Employer has appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2021). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2021).

**Analysis**

On appeal, Employer asserts "the trial court erred in determining that Employee overcame the presumption of correctness afforded to the authorized treating physician." Employee contends the presumption of correctness afforded to Dr. Sass was properly rebutted and maintains Employer's appeal is frivolous. Employee further asserts Employer's brief on appeal should not be considered because it was not filed within ten (10) business days after the filing of its notice of appeal pursuant to Tenn. Comp. R. and Regs. 0800-02-22-.05(2).

With respect Employee's objection to Employer's brief, Rule 0800-02-22-.05(2) provides, in pertinent part:

> The appellant shall file a brief with the clerk of the court of workers' compensation claims within ten (10) business days of the filing of a transcript or joint statement of the evidence. If no transcript or statement of the evidence is filed or if a dispute regarding a statement of the evidence or the contents of the record is submitted to the trial court, the appellant shall file a brief within ten (10) business days of the expiration of the time to file a transcript or statement of the evidence or within ten (10) business days of the date the trial court enters an order resolving any dispute concerning the contents of the record or a joint statement of the evidence, whichever is later.

Employer timely filed its notice of appeal on February 28, 2022. The deadline for Employer to file a transcript or a statement of the evidence was March 14, 2022, and Employer's brief was due, at the latest, on March 28, 2022. Employer did not timely file a transcript, statement of the evidence, or a motion for an extension of time by the March 14 deadline. Instead, Employer filed a motion for an extension of time to file the technical record on March 31, 2022, seventeen days after the March 14 deadline for filing a transcript, citing problems obtaining the transcript. Because the responsibility for filing the technical record rests with the Clerk of the Court of Workers' Compensation Claims rather than the parties, we denied Employer's motion for an extension of time on April 5, 2022. Employer submitted its brief, which was due on or before March 28, on April 8. The brief was not accompanied by a motion for an extension of time, and no appropriate motion had previously been filed. Because Employer failed to file a brief or an appropriate motion for an extension within the timeframe set forth in Tenn. Comp. R. and Regs. 0800-02-22-.05(2), we decline to consider its brief on appeal, as it is not properly before us.[2]

_____

[2] In its order, the trial court designated Employee's selected physician, Dr. Cason, to be the authorized physician for continuing medical care. Because this issue was not raised directly by Employer in its notice of appeal or brief, which we declined to consider, we need not address it here.

Turning to the issue raised by Employer in its notice of appeal, Employer contends Employee failed to overcome the presumption of correctness afforded to Dr. Sass as the authorized treating physician. The trial court found Dr. Cason's opinion was sufficient to rebut the presumption of correctness afforded to Dr. Sass's opinion, and the trial court's conclusion is presumed correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) ("There shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise."). After a careful review of the record on appeal, we conclude that the evidence does not preponderate against the trial court's decision.

It is well-settled that, when faced with competing expert opinions, a "trial judge has the discretion to determine which testimony to accept." *Payne v. UPS*, No. M2013-02363-SC-R3-WC, 2014 Tenn. LEXIS 1112, at *18 (Tenn. Workers' Comp. Panel Dec. 30, 2014). In doing so, the trial court can consider, among other things, "the qualifications of the experts, the circumstances of their examination, the information available to them, and the evaluation of the importance of that information by other experts." *Bass v. The Home Depot U.S.A., Inc.*, No. 2016-06-1038, 2017 TN Wrk. Comp. App. Bd. LEXIS 36, at *9 (Tenn. Workers' Comp. App. Bd. May 26, 2017). When a trial court evaluates expert medical proof of causation, it must give the opinion of an authorized treating physician a presumption of correctness, but this presumption can be rebutted by a preponderance of the evidence. *See* Tenn. Code Ann. § 50-6-102(14)(E) (2021).

Here, we cannot conclude that that trial court erred in accrediting the opinion of Dr. Cason over that of Dr. Sass in determining Employee will likely prevail at a hearing on the merits. The judge considered both medical opinions and accorded the causation opinion of Dr. Cason greater weight. In doing so, the court noted that Employee was seen only once by Dr. Sass, whose report was inconsistent in stating that Employee provided a history of pain while moving an item at work but later indicated that "no specific incident occurred." The court also assigned little weight to Dr. Sass's opinion because he "based his opinion on factors contrary to and outside the statutory definition of an injury by accident."

In contrast, the court noted that Dr. Cason followed Employee over the course of several months and provided his medical opinion with the benefit of diagnostic studies and "knowledge of [Employee's] condition after receiving spinal injections and therapy." In addition, the court also considered Employee's testimony to be credible with regard to his medical history and mechanism of injury. After considering these factors in conjunction with Employee's credible lay testimony, the court concluded Dr. Cason's opinion was sufficient to overcome the presumption of correctness afforded to Dr. Sass's causation opinion. Under the circumstances, we conclude that the preponderance of the evidence supports the trial court's determinations.

Finally, Employee has asked that we deem Employer's appeal frivolous and award attorneys' fees and costs. Under the circumstances presented in this case, we conclude Employer's appeal is not frivolous, and we decline to award attorneys' fees and costs.

## Conclusion

For the foregoing reasons, we affirm the trial court's decision and remand the case for further action as may be necessary.  Costs on appeal are taxed to Employer.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Charles Lawson | ) | Docket No. 2021-01-0213 |
| | ) | |
| v. | ) | State File No. 56752-2020 |
| | ) | |
| Amazon.com Services, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Thomas L. Wyatt, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 10th day of May, 2022.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| W. Troy Hart | | | | X | wth@mijs.com dmduignan@mijs.com |
| Brent Burks | | | | X | brentburks@mcmahanlawfirm.com katiereed@mcmahanlawfirm.com |
| Thomas L. Wyatt, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

*O. Yearwood*

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov